UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ERIC MARTIN                                                                                    Plaintiff

v.                                                          Civil Action No. 3:19-cv-176-RGJ

OLDHAM COUNTY POLICE DEPT.                                                    Defendant

* * * * *

### MEMORANDUM OPINION

Plaintiff Eric Martin filed the instant *pro se* action proceeding *in forma pauperis*. A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the action.

### I.

Plaintiff filed his complaint on the Court-approved general complaint form for filing a civil case (DN 1). He lists the Oldham County Police Department as the sole Defendant.

As the basis for this Court's jurisdiction, Plaintiff indicates jurisdiction based on a federal question. Where the complaint form requests the filer to list the specific federal statutes or constitutional provisions at issue in this case, Plaintiff states, "Negligence, Harassment, emotional distress, anguish, Invasion of privacy."

Plaintiff states, "This matter started in 1997 which I told my foster mom Joann Fletcher at age 17 & has been a on going matter haressment and life long torture as my life has been rip away on every matter due to negligence by state government agencies." He continues, "Using insurance companies I beleave money cant replace the time I lost in life so I'm asking for millions." Plaintiff further states the following:

> I snitch at age 17 on this matter of poaching when ask by my P.O. officer and
> Joann Fletcher as time went on the government used Jerry Clark to set me up as I
> said I don't want anything to do with your crookedness as Oldham refuse to do

there job and kept foss reporting got me stab by Rick Lewis and in April 2016 I got a wire confession in Louisville will explain! After Jerry Clark they used Danny Martin, Helen Stewart, Mary Murray, Heather Smith, Ricky Lewis and let people used all methods to try and set me up on this boycott tax scam which is poaching. I feel the state government put my life in danger to let this scam keep going at Louisville.

As relief, Plaintiff states that he seeks, "Millions! and lost of peoples jobs that are help covering up this matter in the state government!"

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority

of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff cites no federal statutes or United States Constitutional provisions in support of his claims, and the Court cannot discern any from the facts alleged. Therefore, the complaint fails to establish federal question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship since both he and Defendant are citizens of Kentucky. *See* 28 U.S.C. § 1332.

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F.

Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard.

Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
    Defendant
A961.010

Rebecca Grady Jennings, District Judge
United States District Court

June 21, 2019